**Commonwealth v. Bynum**

*M. L. Ebert, Jr.,* assistant district attorney, for the Commonwealth.

*Taylor P. Andrews,* for defendant.

BAYLEY, *J.,* August 30, 1984—The issue presented is whether or not defendant should receive credit on a Cumberland County sentence for time served in the York County Prison. The facts are as follows:

Defendant committed three thefts by deception in Dauphin County. The dates applicable to the issues in this case are:

| CRIME | ARREST | SENTENCE |
|---|---|---|
| September 19, 1983 | September 27, 1983 | May 21, 1984 |

On May 21, 1984, defendant was sentenced to a period of not less than three months or more than nine months in the Dauphin County Prison.

On December 29, 1984, defendant committed a theft by deception in York County. The dates applicable to the issues in this case are:

| CRIME | ARREST | SENTENCE |
|---|---|---|
| December 29, 1983 | February 21, 1984 | June 29, 1984 |

Defendant was incarcerated in York County on the date of his arrest, February 21, 1984, and remained incarcerated there until July 13, 1984.[1] On June 29, 1984, he received a sentence in York County of time served to 12 months. He was released from the York County Prison on July 13, 1984, and transferred to the Cumberland County Prison on that date pursuant to detainers that had been lodged against him.

On January 26, 1984, after defendant had committed the theft by deception in York County, but before his arrest and incarceration in York County on February 21, 1984, and his sentence in Dauphin County on May 21, 1984, he committed a theft by deception in Cumberland County. The dates applicable to the issues in this case are:

| CRIME | ARREST | SENTENCE |
|---|---|---|
| January 26, 1984 | March 7, 1984 | June 12, 1984 |

The arrest on March 7, 1984, on these Cumberland County charges occurred while defendant was

---

1. On May 18, 1984, he was transferred from York County Prison to Dauphin County Prison to be sentenced. He was returned to the York County Prison on May 21, 1984.

in the York County Prison. He was still in the York County Prison on June 12, 1984, when this court sentenced him on the Cumberland County charges to a term of not less than two months or more than twelve months consecutive to any other sentence currently imposed. Defendant was then returned to the York County Prison and released to the detainer of Cumberland County on June 29, 1984.[2] He was not transferred to the Cumberland County Prison until July 13, 1984. Since defendant has been sentenced in Dauphin County on May 21, 1984, but was not sentenced in York County until June 29, 1984, the only sentence "currently imposed" at the time of his sentence in Cumberland County was the Dauphin County sentence.

Defendant now claims that he must receive credit on his Cumberland County sentence for time served in the York County Prison from the date of his arrest on the Cumberland County charges, i.e., March 7, 1984. He bases his claim on 42 Pa. C.S. §9760(4) which provides:

"If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge *that has not been credited against another sentence.*" [Emphasis added.]

There is a general rule that a period of imprisonment in one county is credited only against the

_____

2. The June 29, 1984 sentencing order provided ". . . Since the Defendant is being sentenced to a minimum of time already served, he may be released on his own recognizance as to the other pending offenses, but subject, of course, to any detainers which may have been lodged by the other jurisdictions. . . ."

charges there, even though there are charges pending in other counties or states. Commonwealth ex rel. Bleecher v. Rundle, 207 Pa. Super. 443, 217 A.2d 772 (1966). Unless sentences are made concurrent a defendant should not receive credit twice for a single period of confinement. Lantzy v. Commonwealth, 44 Pa. Commw. 396, 403 A.2d 1069 (1979).

Defendant cites Commonwealth v. Frank, 263 Pa. Super. 452, 389 A.2d 663 (1979), as supporting his position. In Frank, defendant accosted a victim in Chester County and thereafter unlawfully restrained him and drove him to Lancaster County where the victim was beaten and robbed. After defendant was apprehended he was incarcerated in Chester County. He was convicted in both counties of committing crimes in each arising out of the continuing episode that started in Chester and wound up in Lancaster. He was sentenced first in Lancaster County and thereafter in Chester County. The Chester County sentence was made consecutive to the Lancaster County sentence. On an appeal to the Superior Court on the Lancaster County case the court vacated the sentence and remanded the case to Lancaster County on other issues. A footnote to the Superior Court opinion noted:

"Should appellant's sentence be reinstated, credit must be given for the time he has spent in custody as a result of the crimes he committed on August 24, 1974. Although convicted first in Chester County, appellant was sentenced first in Lancaster County. The sentence he ultimately received in Chester County was made consecutive to the Lancaster sentence. *Under these circumstances, credit against his Lancaster sentence must be given from the date of his initial incarceration* under the terms of 18 Pa. C.S. §1360(4) (Supp. 1978-79). See also

Pa.R.Crim.P. 1406. It should be observed that *this calculation will not allow appellant double credit for the time he served prior to his sentencing in Lancaster County. Once credit is given against his Lancaster County sentence under 18 Pa. C.S. §1360(4), the time appellant has served in custody is no longer 'a result of' the charges that arose in Chester County* within the meaning of subsection (1) of that provision, and thus cannot be credited against the sentence he received there.[3] (Emphasis added.)

The comment in the Frank case and the provisions in 42 Pa. C.S. §9760(4) are not applicable to provide defendant relief in this case because defendant never served any time on his Cumberland County case until June 29, 1984, when he was ordered released to his Cumberland County detainer from York County. All of the time he served in York County Prison prior to that date was credited against his York County sentence even though the crime for which he was convicted in Cumberland County arose prior to his arrest for the York County theft. When he was arrested on the Cumberland County charge he was already detained in York County on their charge. When he was sentenced in York County he was given credit against that sentence for the entire period of time that he had been detained there from February 21, 1984, to June 29, 1984. While the Cumberland County detainers which were lodged against him on March 7, 1984, acted as a restraint against his release, he could only receive credit here for time served in York County Prison after that date and before June 29, 1984, if he

---

3. 18 Pa. C.S. §1360(4) (Supp. 1978-79) has been re-enacted into the current Judicial Code at 42 Pa. C.S. §9760(4).

had in fact made bail on the York County charges subsequent to the lodging of those detainers. In that situation the detainers themselves would have acted as the only restraint upon his release and as such any time served subsequent thereto would have constituted time served on the Cumberland County case prior to his sentence on that case. However, since he did not make bail on the York County case, the time served there subsequent to the lodging of the Cumberland County detainers and until June 29, 1984, continued to be time served on the York County case for which he received full credit on his York County sentence.

Relief under 42 Pa. C.S. §9760(4) is only applicable to assure a defendant credit for time spent in custody on a former charge "that has not been credited against another sentence." All of the time spent by defendant in York County Prison through June 29, 1984, has been credited against his York County sentence. Thus, defendant has received credit for that time served in York County on that sentence and to allow him to receive additional credit on his Cumberland County sentence for that time would allow him double credit. In Frank, the Superior Court merely noted that if the Chester County sentence was going to be consecutive to the Lancaster County sentence, the Lancaster County sentence must date from defendant's initial period of incarceration in Chester County. Otherwise, defendant would not have received any credit for time served in Chester County prior to the beginning of his Lancaster County sentence because the Chester County sentence was consecutive to the Lancaster County sentence. The result in Frank was that defendant did not receive double credit for the time served in Chester County. In this case defendant seeks double credit for the time served in York County. Since

he has received full credit for all time served in York County, which is required by 42 Pa. C.S. §9760(4), he is not entitled to double credit under the rationale of that statute or Commonwealth v. Frank, supra.

Pa. R. Crim. P. 1406(a) provides: ". . . whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentence shall be deemed to run concurrently unless the judge states otherwise." The Cumberland County court made its sentence consecutive to the Dauphin County sentence previoulsy imposed. However, the Cumberland County sentence does not run concurrent with the sentence in York County under this rule because defendant had not been sentenced in York County on the date he was sentenced in Cumberland County.

As noted in Commonwealth v. Holz, 483 Pa. 405, 397 A.2d 407 (1979), referring to Rule 1406(a):

"The rule's use of the plural — 'such sentences. . .' presupposes the existence of a prior sentence when a present sentence is imposed on a defendant '. . . incarcerated for another offense.' If there is no prior sentence, there is nothing for the instant sentence to run concurrent with or consecutive to."

Although this court made its sentence consecutive to any other sentence currently imposed, which would apply to the Dauphin County sentence imposed on May 21, 1984, as it turns out, defendant is serving his Cumberland County sentence prior to his Dauphin County sentence. Upon the completion of his sentence here he will be released to Dauphin County authorities.

On June 29, 1984, when the York County sentencing judge released defendant on his own recognizance subject to his detainers, the restraint that

kept him in the York County Prison until he was transferred to the Cumberland County Prison on July 13, 1984, was the detainer lodged by Cumberland County. Accordingly, defendant is entitled to credit on his Cumberland County sentence from June 29, 1984, through July 13, 1984, when he was actually transferred to the Cumberland County Prison.

## ORDER OF COURT

And now, this August 30, 1984, defendant's motion for credit against his Cumberland County sentence for time served in the York County Prison for which he has received credit on his York County sentence is denied.

Defendant is given credit on his Cumberland County sentence for time served in the York County Prison from June 29, 1984, through his transfer to the Cumberland County Prison on July 13, 1984.