Commonwealth *v.* Ulmer, Appellant.

194

Submitted June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Lloyd Ulmer*, appellant, in propria persona.

*Theodore A. Parker*, Assistant District Attorney, *Clarence C. Newcomer*, First Assistant District Attorney, and *Wilson Bucher*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1967:

Petitioner pleaded guilty without counsel to aggravated assault and battery and was sentenced on July 17, 1959, to a term of 1½ to 3 years. On January 6, 1961, he was released on parole for the balance of his sentence.

Soon, thereafter, petitioner was again arrested on charges of burglary and aggravated assault and battery. On June 13, 1961, he was sentenced to a term of 3 to 6 years, such sentence to commence after the completion of the year and one half remaining on his earlier sentence.

On September 19, 1961, petitioner was convicted of a prison breach and was sentenced to a term of 1½ to 3 years to begin at the expiration of the sentence imposed on June 13, 1961.

Petitioner filed a petition for writ of habeas corpus on February 4, 1964. The Supreme Court in *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A. 2d 233 (1966), granted the petition and remanded the record with directions for a new trial on the 1959 charge. The Court also ordered that the sentence imposed on June 13, 1961 begin from the date of commitment on the charges therein involved. The allegations in the petition relating to the convictions on June 13 and September 19, 1961 were dismissed.

Petitioner was granted a new trial on September 19, 1966, in which he was found guilty of assault and battery. He was fined $100.00 and sentenced to one year imprisonment, to begin at the expiration of the 1961 sentences. Petitioner contends that he must be given credit for the time served under the invalid sentence of July 17, 1959.

Whether a person granted a new trial and resentenced shall be given credit for time served under an invalid sentence for the same acts has not been considered by our courts.[1]

No uniform rule has been established. A review of the cases throughout the United States reflects a decided split of authority. See 35 A.L.R. 2d 1283.

In our opinion, it would be unjust to allow a person to be imprisoned for a period beyond the maximum term which might be imposed for that particular offense.

---

[1] In *Commonwealth ex rel. Townsend v. Burke*, 361 Pa. 35, 63 A. 2d 77 (1949), the Supreme Court said that the trial judge can take into consideration any time served under a void or invalid sentence when resentencing. In that case, however, the Court did not order a new trial and therefore did not decide whether the petitioner is entitled to credit as a matter of right.

196

Petitioner was here convicted of committing a criminal act, assault and battery, for which the maximum sentence is two years. Act of June 24, 1939, P. L. 872, §768, 18 P.S. §4708. The sentence imposed upon petitioner was a one year sentence. Yet, as a result of the proceedings described, he may serve up to 2½ years for that offense (one and one-half years already served under the invalid sentence of July 17, 1959 plus one year after the completion of the 1961 sentences).

Credit for a prisoner's service of his sentence is controlled by the Act of August 14, 1963, P. L. 841, §1, 19 P.S. 898. That Act provides: "Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence *for any days spent in custody on this offense,* prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." (Emphasis added)

The principle underlying this statute is that a defendant should receive credit for time spent in custody prior to the imposition of sentence for a particular offense. See *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Superior Ct. 443, 217 A. 2d 772 (1966). If the first sentence is subsequently invalidated and a person is retried and convicted for having committed the same act, he should not be denied credit merely because a new trial is required. Although the trial and conviction may be voided on appeal, the time illegally exacted is an indisputable fact. Consequently, "[i]t is grossly unfair for society to take . . . years of a man's life and then say, we now acknowledge that this should not have happened, but we will set everything right by refusing to recognize that it did happen." *Patton v. North Carolina,* 381 F. 2d 636, 639 (4th Cir. 1967), 35 U.S. Law Week 2737.

There would be no question if a new trial had been ordered prior to the imposition of petitioner's sentence in 1959. In such circumstances he would clearly be entitled to credit. See *Commonwealth ex rel. Bleecher v. Rundle,* supra. The fact that the error in the instant case was not discovered until after sentencing should not alter this result. In our view, it would be fundamentally unjust to find that time served before sentence is credited under the above statute but that time served under a purported sentence which was of no legal effect because of an error by the Commonwealth should be lost. Many other jurisdictions are in accord with this analysis and award credit for the time served. See *Vellucci v. Cochran,* Fla. 138 S. 2d 510 (1962); *Cave v. Cunningham,* 203 Va. 737, 127 S.E. 2d 118 (1962); *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633 (1965); *Patton v. North Carolina,* supra.

Moreover, it is important to give credit for time served under an invalid sentence in order to effectuate the purpose of the Post Conviction Hearing Act, January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. The denial of credit, if a new trial is ordered, would certainly deter defendants who have been unconstitutionally convicted from seeking redress. A prisoner seeking review of his case should not be required to do so at the risk of having a new sentence imposed which, aggregated with the time already served, would greatly exceed the maximum sentence which the court might originally have imposed.

We therefore conclude that the Act of 1963, noted above, requires that a defendant convicted after a new trial shall receive credit for time served under the invalid sentence for the same criminal acts. In this case, it is of no consequence that the invalid sentence was for aggravated assault and battery and the present valid sentence is for assault and battery. Petitioner was re-

tried for the same acts and credit should thereby be awarded.

Therefore, it is ordered that petitioner be credited with any time served under the invalid sentence imposed on July 17, 1959 against the sentence imposed on September 19, 1966 on indictment number 141 of December Sessions, 1958, in the Court of Quarter Sessions of Lancaster County.

WRIGHT, J., would affirm on the opinion of WISSLER, P. J.