384 A.2d 1218

**COMMONWEALTH of Pennsylvania**

v.

**Enos BRENIZER, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted March 6, 1978.

Decided April 28, 1978.

Lester G. Nauhaus, John H. Corbett, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On February 11, 1975, appellant, Enos Brenizer, was convicted by a jury of murder of the second degree and kidnapping. Post-verdict motions were denied. On April 8, 1975, the court below imposed a sentence of life imprisonment for murder of the second degree and a *concurrent* term of not less than ten nor more than twenty years' imprisonment on the kidnapping indictment. Appellant appealed the murder conviction to this court and also appealed the kidnapping conviction to the Superior Court, which in turn certified the record to this court on July 3, 1975. On May 12, 1976, this court reversed appellant's judgments of sentence and remanded the case for a new trial. *Commonwealth v. Brenizer,* 467 Pa. 347, 356 A.2d 784 (1976).

On September 27, 1976, appellant pled guilty to the charges of murder and kidnapping. The court below determined the degree of guilt as murder of the third degree. The court then imposed a term of imprisonment of ten to twenty years for the murder of the third degree conviction, and a *consecutive* two to four year term for the kidnapping conviction. Appellant appealed the judgment of sentence imposed on the murder of the third degree conviction to this court and the judgment of sentence for kidnapping to the Superior Court, which certified that appeal to this court.

Appellant argues that the court below violated his Fifth Amendment protection against double jeopardy by imposing a "harsher" sentence pursuant to his guilty plea than he received after his first trial. We do not agree.

Appellant contends that because the court below imposed a ten-to-twenty-year judgment of sentence for his conviction of murder of the third degree with a *consecutive* two-to-four-year sentence for the kidnapping conviction, in comparison to his judgments of sentence after his initial conviction of life imprisonment for murder of the second degree and a *concurrent* ten-to-twenty-year sentence for the kidnapping conviction, the court increased his punishment by requiring him to wait longer before he became eligible for parole.

The United States Supreme Court, in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), stated:

"We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' *Williams v. New York*, 337 U.S. 241–245, 69 S.Ct. 1079, 93 L.Ed. 1337. . .

"To say that there exists no absolute constitutional bar to the imposition of a more severe sentence upon retrial is not, however, to end the inquiry. There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment.

\* \* \* \* \* \*

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

■ The United States Supreme Court in *Pearce* did not prohibit either under the Fifth or Fourteenth Amendments, the imposition of a more severe sentence after a second conviction, but rather required the sentencing court to articulate in the record "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing." Absent valid and sufficient intervening conduct by the defendant articulated in the record, the court is constitutionally prohibited from imposing a harsher sentence.

■ Our initial inquiry under *Pearce* is to determine whether a more severe sentence was imposed after the second conviction. If we determine that a more severe sentence was not imposed, our analysis ends and we need not ascertain whether any intervening conduct occurred to justify a harsher sentence.

In *Commonwealth v. Pearson,* 450 Pa. 467, 303 A.2d 481 (1973), this court stated:

". . . As ruled in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 [supra], where a defendant is convicted a second time following a successful appeal, the sentence imposed the second time may not exceed the original sentence unless for good cause shown. 'Good cause' is limited to events occurring subsequent to the first trial. Such good cause is absent here.

"The Commonwealth's position is that since the aggregate sentence imposed following the second trial was less than the aggregate sentence imposed after the first trial, Pearce was not violated. We reject this position. *The sentence imposed on each indictment is controlling.* Cf. *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971)." (Emphasis supplied.)

In the instant case, appellant's initial sentences were life imprisonment for the murder of the second degree conviction and a *concurrent* term of ten to twenty years for the kidnapping conviction. After his second conviction, his sentences were ten to twenty years for the murder of the third degree conviction and a *consecutive* two to four years for the kidnapping conviction. Taking the *Pearson* rationale, the instant sentences did not violate the United States Supreme Court's mandate in *Pearce.*

Appellant argues, however, that this second sentence was more severe in that the consecutive sentence rather than the concurrent sentence for kidnapping increased the amount of punishment by delaying his eligibility for parole. We do not agree that any delay in parole eligibility occurred.[1] Section 21 of the Act of August 6, 1941, P.L. 861, as amended, 61 P.S. § 331.21, provides in relevant part:

"331.21 Power to parole; refusal of parole at expiration of minimum term, recommitment and reparole.

The board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, except convicts condemned to death or serving life imprisonment, whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby. The power to parole herein granted to the Board of Parole may not be exercised in the board's discretion at any time before, but only after the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Pardon Board

1. See *Commonwealth v. Sutley,* 474 Pa. 256, 378 A.2d 780 (1977).

in a sentence which has been reduced by commutation . . . ."[2]

Appellant's initial life imprisonment sentence precluded his parole without regard to the concurrent or consecutive nature of the judgment of sentence imposed on the kidnapping conviction. Appellant's judgments of sentence imposed after his guilty plea were not limited by the Act of 1941, and he was eligible for parole after serving the minimum sentence. In the instant case, we find that appellant did not receive a more severe sentence within the holding of *Pearce*.

Judgments of sentence affirmed.

2. Article 4, § 9 of the Pennsylvania Constitution provides in pertinent part:

"(a) In all criminal cases except impeachment, the Governor shall have power to remit fines and forfeitures, to grant reprieves, commutation of sentences and pardons; but no pardon shall be granted, or sentence commuted, except on the recommendation in writing of a majority of the Board of Pardons, after full hearing in open session, upon due public notice. The recommendation, with the reasons therefor at length, shall be delivered to the Governor and a copy thereof shall be kept on file in the office of the Lieutenant Governor in a docket kept for that purpose."

Appellant was eligible to apply for pardon under either judgments of sentence imposed after his first trial on his guilty pleas and the consecutive or concurrent nature of the sentences did not jeopardize this eligibility.