439 A.2d 734

**COMMONWEALTH of Pennsylvania,**

v.

**Donald KIBLER, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed Jan. 5, 1982.

Richard S. Levine, Pittsburgh, for appellant.

Dara A. DeCourey, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

CAVANAUGH, Judge:

In this case, the appellant, Donald Kibler, was tried before the Honorable Loran Lewis and a jury and found guilty of five counts of corruption of minors and one count of sexual abuse of children. At trial, the appellant was represented by private counsel, Charles Schwartz, Esquire.

On appeal, appellant was represented by the public defender's office which filed a brief on his behalf and a member of that office argued before this Court. Appellant also filed a *pro se* brief in which he raises the issues of denial of effective assistance of counsel, excessive sentence and disparity of sentence between the appellant and his co-defendants, and error of the court below in failing to grant the appellant a continuance so that he could obtain new counsel. In his *pro se* brief appellant states: "The appellant contends that he was denied effective assistance of counsel when the trial court refused his request to have retained counsel withdraw so that he may retain new counsel."

Appellant's counsel on appeal raises entirely different issues. Appellate counsel claimed that the court below erred (1) in failing to suppress evidence seized based on a search warrant allegedly issued without probable cause; (2) in denying a motion for mistrial based on an incident which occurred during trial and witnessed by the jury and (3) in denying a mistrial because of the prosecutor's closing remarks to the jury.

Since appellant has filed a *pro se* brief raising the issue of effective assistance of trial counsel, if the appellant had been represented at trial by a public defender as well as on appeal, we would remand for the appointment of new coun-

sel. *See Commonwealth v. Bachert,* 271 Pa.Super. 72, 412 A.2d 580 (1980). Although in this case, trial counsel and appellate counsel were different, we are nevertheless faced with the question as to whether the appellant has received legal assistance in dealing with the questions that he raised in his *pro se* brief and whether appellate counsel is ineffective for failing to raise the issues that appellant raised in his own brief. We do not know whether appellate counsel has considered the issues that the appellant raised in his *pro se* brief.

As a matter of policy this Court will not consider separate briefs filed by counsel and *pro se* briefs filed by the appellant. The appellant must make a choice as to whether he wants to act on his own behalf or through counsel.

Case remanded to the court below to determine whether appellant wants to act solely on his own behalf or through counsel in his appeal. Appellant must be instructed that if he desires to proceed through counsel, then counsel must present all arguments and he will not be permitted to file a *pro se* brief.

SHERTZ, J. filed a dissenting opinion.

Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court of Pennsylvania.

SHERTZ, Judge, dissenting:

The sole issue addressed by the majority is whether this Court will consider an Appellant's claim of ineffective assistance of trial counsel, raised for the first time in a pro se brief on direct appeal, where Appellant is represented on appeal by counsel other than trial counsel. I conclude that under such circumstances Appellant has waived his right to raise the issue.

The standard for determining whether the issue of ineffective assistance of counsel is properly preserved for appeal

was recently reiterated in *Commonwealth v. Webster*, 490 Pa. 322, 324–325, 416 A.2d 491, 492 (1981).

Issues not raised in postverdict motions will not be considered on appeal. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). An exception exists, however, when ineffective assistance of prior counsel is raised. In such a case, ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents appellant. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

In the instant case, Appellant is represented on appeal by counsel different from trial counsel. Therefore, in order to preserve the issue of ineffective trial counsel, it was necessary for appellate counsel to raise it on direct appeal. Although appellate counsel failed to do so, Appellant attempts to do so by way of a pro se brief.

When an appellant raising ineffectiveness of appointed trial counsel is represented on appeal by the same counsel, he is entitled to a remand for appointment of new counsel not associated with trial counsel. In such circumstances it cannot be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled. *Commonwealth v. Bachert*, 271 Pa.Super.Ct. 72, 412 A.2d 580 (1980). In *Bachert*, appellant's trial counsel filed post verdict motions and an appeal but failed to raise ineffectiveness of counsel as an issue. Appellant, still represented by trial counsel at the appeal stage, raised the issue of ineffective assistance of counsel in a pro se brief. Under those circumstances, following *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978), this Court permitted Appellant to raise the ineffectiveness issue for the first time by way of a pro se brief and remanded for appointment of counsel to assist Appellant with his claims of ineffective assistance of former counsel. *Id.*, 271 Pa.Super.Ct. at 84, 412 A.2d at 586.

Here Appellant is not represented by trial counsel. This appeal was filed by new counsel, appointed from the public defender's office, who submitted an appellate brief on Appellant's behalf. There is no basis on the record for concluding that appeal counsel did not provide zealous advocacy for Appellant's cause. Furthermore, Appellant, obviously experienced at challenging the competency of counsel, does not contend that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel, nor has Appellant requested that appellate counsel be dismissed.[1] There is, therefore, no need, as there was in *Bachert*, for a remand to determine whether Appellant desires to proceed through counsel or on his own.

In this case, the time for raising the issue of ineffective assistance of counsel was when appellate counsel filed his brief with this Court. *Commownealth v. Blackburn*, 272 Pa.Super.Ct. 1, 414 A.2d 638 (1980), is an analogous case. In *Blackburn* this Court determined that the issue of ineffectiveness of trial counsel was deemed waived where it was raised for the first time by way of a pro se motion on appeal, where Appellant was represented by new counsel on appeal.[2]

Accordingly, I would not remand to the court below to determine whether Appellant wants to act solely on his own behalf, or through counsel, in his appeal. Rather, I would reach the merits of the issues raised in the appellate brief filed by Appellant's counsel.

1. Appellant's pro se brief contends that he was denied effective assistance of trial counsel because the trial court denied his motions to dismiss retained counsel and for a continuance to retain new counsel. The basis for these motions was that he had no confidence in trial counsel's handling of the case.

2. In *Blackburn*, Appellant's pro se motion claimed ineffectiveness of both trial counsel and appellate counsel. This Court reviewed Appellant's pro se brief only insofar as it alleged ineffectiveness of appellate counsel and found it to be without merit.