# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Winston,                          :
                    Petitioner            :
                                          :
         v.                               :    No.  576 M.D. 2020
                                          :    Submitted:  September 24, 2021
Commonwealth of Pennsylvania,             :
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  December 2, 2021


         William Winston (Winston), *pro se*, filed a petition for review
(Petition) in the nature of mandamus seeking action on his parole request.  Winston
is serving a term of life imprisonment for second-degree murder.  The Pennsylvania
Board of Probation and Parole (Board)[1] filed preliminary objections asserting lack of
jurisdiction, improper service, and failure to state a claim for relief or to name a
proper party.  Because there is no parole for a second-degree murder sentence,
upon consideration, we sustain the preliminary objections and dismiss the Petition.

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole
Board by Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776.  *See* Section
6101 of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §6101.

Through the Petition, Winston challenges the legality of his life sentence and the Board's failure to act upon his July 2019 request for parole within six months. Pet. ¶12. He appended to his Petition an administrative remedies form in which he argues that the mandatory life sentence that he is serving is illegal. Winston, who was sentenced to life without parole in 1975, has served 44 years as of the date of filing his Petition.

The Board filed preliminary objections asserting that: (1) this Court lacks jurisdiction; (2) the Petition does not state a legally cognizable claim; (3) the Board is not a proper party; and (4) Winston failed to effectuate proper service. In support of its demurrer, the Board cites 61 Pa. C.S. §6137(a), which precludes the Board from considering any offender serving a life sentence for parole. As to Winston's argument that the statutory provision under which he was sentenced was invalid, the Board asserts the claim is stale and non-actionable.[2] *See* Prelim. Objs., ¶¶26-29 (citing *Howell v. Wolf* (Pa. Cmwlth., No. 340 M.D. 2019, filed May 6, 2020), 2020 WL 2187764 (unreported)).

As to lack of jurisdiction, the Board cites Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. §761(a)(1)(i), which excludes from this Court's jurisdiction "[a]ctions or proceedings in the nature of applications for writ of habeas corpus or post[-]conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." In addition, the Board relies on this Court's recent decision in *Cook v. Wolf* (Pa. Cmwlth., No. 472 M.D. 2019, filed May 13, 2020), 2020 WL 2465123 (unreported), in which this Court recognized our lack of jurisdiction to provide *habeas corpus* relief.

---

[2] The Board recognizes that the statute was amended in 1974 to mandate that offenders found guilty of second-degree murder serve life sentences, and are ineligible for parole. Prelim. Objs., ¶29.

Winston then filed preliminary objections to the Board's preliminary objections. He argues that the statutory language does not specify life without parole, and so the life sentence does not render him ineligible for parole. He asserts the legislature intended to differentiate between second-degree murder and other felonies of the first degree by not expressly excluding them from parole. Also, Winston noted that he cured the service defects, mooting that objection. After briefing, the matter is ready for disposition.

In reviewing preliminary objections, we must accept as true all well-pled allegations of material facts, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018). Only where the pleading is "facially devoid of merit" should the demurrer be sustained. *Wurth by Wurth v. City of Phila.*, 584 A.2d 403, 406 (Pa. Cmwlth. 1990) (*en banc*) (citation omitted). Further, any doubt as to whether the law will permit recovery must be resolved in favor of the non-moving party. *Key*.

Because it is directly controlling on the legal issue before us, and both parties refer to it, we begin with a discussion of our Supreme Court's recent decision in *Hudson v. Pennsylvania Board of Probation & Parole*, 204 A.3d 392 (Pa. 2019).

*Hudson* involves similar facts in that the inmate was also serving a life sentence for second-degree murder. There, the inmate was sentenced under Section 1102 of the Crimes Code, 18 Pa. C.S. §1102. Like Winston here, the inmate challenged the Board's failure to grant him parole. The Board filed a demurrer to the claim because it lacks the authority to parole life-term offenders. We sustained the preliminary objection and the inmate appealed. On appeal, our Supreme Court upheld this Court's dismissal of the action. In so doing, the Court

recognized: "When a defendant is convicted of second-degree murder, the court is required to impose total confinement for life." *Hudson*, 204 A.3d at 396 (quoting 18 Pa. C.S. §1102(b), stating in pertinent part that, generally, a person convicted of second-degree murder "shall be sentenced to a term of life imprisonment"). The Court rejected the inmate's statutory construction argument that since a second-degree murder offense is not listed among the offenses or sentences for which parole is unavailable, parole may be granted after a certain period of time. It concluded that second-degree murder carries a penalty which "shall be" life imprisonment, 42 Pa. C.S. §1102(b). *Id.* at 397.

It is well established that there is no statutory authorization for the Board to grant parole to an individual sentenced to a mandatory life term. *See Hudson*; *Com. v. Brenizer*, 384 A.2d 1218 (Pa. 1978). To the contrary, the Board may "release on parole any inmate to whom the power to parole is granted to the [B]oard by this chapter, <u>except an inmate</u> condemned to death or <u>serving life imprisonment</u>." 61 Pa. C.S. §6137(a)(1) (emphasis added). Based on this precedent, we agree with the Board that it lacks the authority to grant parole to Winston who is admittedly serving a life sentence for second-degree murder.[3]

Further, parole is "a matter of grace[,]" not of right. *Hudson*, 204 A.3d at 396 (quoting *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322-23 (Pa. 1999)). Consequently, Winston does not have a clear right to relief (*i.e.*, parole), and the Board does not have a ministerial duty to grant parole.[4] Thus,

---

[3] Although Winston repeatedly challenges the legality of his life sentence, suggesting he should have been sentenced for a specific term of 20 years, that is not a matter within this Court's jurisdiction. *See* 42 Pa. C.S. §761(a)(1).

[4] To state a claim in mandamus, a petitioner must allege: (1) a clear legal right to performance of a ministerial act or mandatory duty; (2) a corresponding duty to perform the act; **(Footnote continued on next page…)**

4

Winston cannot state a claim in mandamus. Indeed, we are persuaded the Board is not the proper party as the Board lacks the power to release on parole an inmate serving a mandatory life sentence for second-degree murder.

Accordingly, we sustain the Board's preliminary objections, overrule Winston's preliminary objections, and dismiss Winston's Petition.

_____
J. ANDREW CROMPTON, Judge

---

**(continued…)**

and, (3) no other adequate or appropriate remedy is available. *Allen v. Pa. Dep't of Corr.*, 103 A.3d 365 (Pa. Cmwlth. 2014). "Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Id.* at 370.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Winston,               :
             Petitioner    :
                            :
        v.              :    No.  576 M.D. 2020
                            :
Commonwealth of Pennsylvania,  :
Pennsylvania Board of Probation  :
and Parole,               :
           Respondent   :

# **O R D E R**

**AND NOW**, this 2nd day of December 2021, the Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole's preliminary objections are SUSTAINED, William Winston's (Winston) preliminary objections thereto are OVERRULED, and Winston's petition for review is DISMISSED.

_____
J. ANDREW CROMPTON, Judge