Commonwealth ex rel. Bleecher, Appellant, *v.* Rundle.

Argued December 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

444

*John P. Yatsko,* with him *Fitzgerald & Yatsko,* for appellant.

*Henry T. Crocker,* Assistant District Attorney, with him *Richard A. Devlin,* Assistant District Attorney, and *Richard S. Lowe,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., March 24, 1966:

Appellant, Leonard Bleecher, was arrested in New York State on July 1, 1961, on an extradition warrant based on charges lodged in Montgomery and Delaware Counties, Pennsylvania. He contested extradition from the date of his arrest until June 11, 1962. Thereafter, he waived formal extradition and was taken to Delaware County to answer criminal charges. After being found not guilty of the Delaware County offenses, he was transferred to Montgomery County on September 23, 1963. There he stood trial, was found guilty of burglary and larceny, and was sentenced to a term of three to six years to be computed from September 23, 1963.

Appellant, on appeal from the dismissal of his petition for writ of habeas corpus, contends that his sentence should be computed from the date of his original arrest in New York, July 1, 1961.

As a general rule, in the absence of statute, a prison sentence begins to run from the date of its imposition. *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Supe-

rior Ct. 265, 270, 30 A. 2d 347, 350 (1943). Appellant relies on the following statutes, however, to support his contention that he is entitled to credit for all time spent in custody prior to his sentence on the Montgomery County charges.

Section 1 of the Act of May 28, 1937, P. L. 1036, 19 P.S. §894, states in part: "From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed *from the date of commitment for the offense for which said sentence shall be imposed . . .*". (Emphasis added)

Section 2 of that act, 19 P.S. §895, provides: "The date of commitment referred to in section one of this act shall be the date of the last commitment *for the offense for which the sentence is imposed.*" (Emphasis added)

The benefits of the above statute were extended by the Act of August 14, 1963, P. L. 841, §1, 19 P.S. §898, which provides: "Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence *for any days spent in custody on this offense,* prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." (Emphasis added)

The above statutes give credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense. See *Commonwealth ex rel. Accobacco v. Burke,* 162 Pa. Superior Ct. 592, 60 A. 2d 426 (1948); *Scasserra v. Commonwealth,* 180 Pa. Superior Ct. 16, 118 A. 2d 246 (1955); *Commonwealth ex rel. Tyson v. Day,* 181 Pa.

Superior Ct. 259, 264-265, 124 A. 2d 426, 429 (1956); *Commonwealth ex rel. Rogers v. Harris,* 180 Pa. Superior Ct. 323, 119 A. 2d 862 (1956); *Commonwealth ex rel. Ventura v. Cavell,* 186 Pa. Superior Ct. 204, 142 A. 2d 456 (1958). Appellant, therefore, is entitled to credit only if his confinement was by reason of the offenses for which he was sentenced in Montgomery County.

With this principle in mind, we now consider whether appellant is entitled to credit on the Montgomery County sentence for (1) the period from July 1, 1961, to June 11, 1962, when he was in custody in New York while contesting extradition, and (2) the period from June 11, 1962, until September 23, 1963, when he was committed in Delaware County.

## I

The Commonwealth contends that since in the extradition proceeding New York could not inquire into the guilt or innocence of the accused as to the crime charged, *Commonwealth ex rel. Hernandez v. Price,* 385 Pa. 44, 122 A. 2d 206 (1956), appellant's incarceration in New York was not by reason of the offenses charged in Pennsylvania.

Our research has uncovered no case which has determined this point. We have, however, reviewed most closely the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, §1 et seq., 19 P.S. §191.1 et seq. It is our conclusion that appellant's imprisonment in New York was by reason of the offenses charged in Pennsylvania.

Section 2 of the Uniform Criminal Extradition Act, 19 P.S. §191.2, indicates that it is the duty of the Governor to arrest and deliver to the executive of the other state, ". . . any person charged in that state with . . . felony or other crime. . . ." Section 3, 19 P.S.

§191.3, requires that the formal demand must be accompanied by a copy of an indictment, information or affidavit. The indictment, information or affidavit ". . . must substantially charge the person demanded with having committed a crime under the law of that state. . . ." Section 7, 19 P.S. §191.7, provides that if after investigation the Governor decides that the demand shall be complied with, he shall sign a warrant of arrest which must substantially recite the facts relating to the alleged crime. See *Commonwealth ex rel. Aronson v. Price,* 412 Pa. 493, 194 A. 2d 881 (1963); *Commonwealth ex rel. Spivak v. Heinz,* 141 Pa. Superior Ct. 158, 14 A. 2d 875 (1940). Section 10, 19 P.S. §191.10, provides that the person, when arrested, must be taken before a judge ". . . who shall inform him of the demand made for his surrender and of the crime with which he is charged. . . ." Section 14, 19 P.S. §191.14, provides that a person may be imprisoned even without a warrant under certain circumstances ". . . upon reasonable information that the accused stands charged in the courts of a state. . . ." Under §16, 19 P.S. §191.16, the accused's eligibility for bail depends, in part, on the nature of the crime charged.

Thus, it clearly appears from the provisions of the Uniform Criminal Extradition Act that an accused person is imprisoned by reason of the offenses charged in the demanding state. To suggest otherwise is to ignore both the procedure and the reality of extradition.

We find no merit in the Commonwealth's argument that: "Appellant freely chose to spend almost a year in custody before finally consenting to extradition. Had he waived extradition he would have been returned to Pennsylvania immediately to stand trial. The choice to remain in custody was the appellant's."

One obvious purpose of the Acts of 1937 and 1963 was to give an accused prisoner the opportunity to seek a trial or hearing without risking the loss of

credit for the time spent exercising these rights. Thus, if the accused had attempted to contest the legality of his arrest on these charges while in Montgomery County, he would surely have been entitled to credit for any days in custody there. Under §10 of the Uniform Criminal Extradition Act, 19 P.S. §191.10, an arrested person similarly has the right to procure legal counsel and to test the legality of his arrest at hearing in the arresting state. The Commonwealth, however, would negate the intent of the 1937 and 1963 Acts by denying credit to a prisoner who wishes to exercise these rights under the extradition act. We find no valid basis for such a distinction. Nothing in the Acts of 1937 and 1963 warrants the conclusion that credit is given only for time spent in custody in the county or state where the offense was charged. Moreover, we have no reason to believe that appellant's imprisonment in New York was a lesser form of custody or imprisonment which demands the denial of such credit.

In the instant case, therefore, we find that the imprisonment in New York State was on the offenses charged in Delaware and Montgomery Counties. Appellant, therefore, is entitled to credit on the Montgomery County sentence for any days spent in custody in New York.

## II

Appellant's second contention is that he is entitled to credit for that period of time spent in Delaware County awaiting disposition of the offenses charged in that jurisdiction.

Had appellant been found guilty in Delaware County, the period of confinement before trial and sentencing there would not be attributable to the offenses charged in Montgomery County. In such situations, we have repeatedly indicated that the period of im-

prisonment in one county is credited only against the charges there, even though there are charges pending in other counties or states. See *Commonwealth ex rel. Rogers v. Harris,* supra; *Commonwealth ex rel. Ventura v. Cavell,* supra; *Scasserra v. Commonwealth,* supra; *Commonwealth ex rel. Accobacco v. Burke,* supra; *Commonwealth ex rel. Tyson v. Day,* supra.

Appellant argues that the instant case is distinguishable, because he was acquitted in Delaware County. He contends, therefore, that when he appeared before the Montgomery County courts for sentencing, his imprisonment in Delaware County should be attributable to the Montgomery County charges and not to the Delaware County charges.

We are aware of no authority or reasoning which supports appellant's distinction. Appellant was originally incarcerated in Delaware County by reason of the offense charged there. His subsequent acquittal does not negate the fact that the imprisonment in Delaware County was *not* "on the offense" for which appellant was sentenced in Montgomery County.

We recognize the fortuitous and unfortunate aspects of this case. Had appellant been delivered to the Montgomery County authorities first, he would have begun serving a sentence immediately after his arrival in this Commonwealth. He would not have been imprisoned in Delaware County for more than a year without credit. The fact is, however, that, by chance, he was delivered to Delaware County first. It is not within our power to remedy this situation by giving credit on the Montgomery County sentence for days spent in custody on the unrelated Delaware County charges.

The sentence of the Court of Oyer and Terminer at Montgomery County at No. 301 June Sessions, 1961, is to be amended to provide for credit for the period of appellant's custody in the State of New York.

The order of the Court of Common Pleas is vacated and the record is remanded to that court with directions to transfer this matter to the Court of Oyer and Terminer of Montgomery County. The Court of Oyer and Terminer of Montgomery County is directed to call before it Leonard Bleecher, appellant herein, and to amend the sentence imposed upon him at No. 301 June Sessions, 1961, in accordance with the directions hereinabove set forth.

OPINION BY WRIGHT, J., CONCURRING IN PART AND DISSENTING IN PART:

I am in accord with that portion of the majority opinion which denies appellant credit on his Montgomery County sentence for the period from June 11, 1962, to September 23, 1963, while he was in custody in Delaware County.

I would also deny appellant credit, as did the lower court, for the period from July 1, 1961, to June 11, 1962, while he was contesting extradition in the State of New York. In this regard I am not in accord with the construction by the majority of the provisions of the Uniform Criminal Extradition Act. If a credit of this nature is to be allowed, it should result from express legislative mandate, not judicial fiat.