John Clair Lantzy, Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Submitted on briefs, December 6, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*John C. Lantzy*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for respondent.

Opinion by Judge Craig, July 24, 1979:

John Lantzy (petitioner) filed a petition for review with this Court to determine whether the Pennsylvania Board of Probation and Parole (Board), should give him credit for time spent in the Indiana County jail from October, 1975 to early March, 1976.

Before us are the parties' cross-motions for judgment on the pleadings. Because the record is deficient in several respects, we will direct the Board to submit an affidavit of clarification.

Petitioner was arrested on October 23, 1975 in Indiana County for driving under suspension. He re-

ceived a suspended 12-to-24 month sentence on March 1, 1976, and was placed on two years' probation.

The record indicates that in August, 1976, petitioner was given multiple concurrent sentences in Clarion County for offenses unrelated to his October 23, 1975 arrest.

In September, 1976, petitioner was further sentenced in Indiana County, to a further concurrent term of three-to-six years, effective September 2, 1976. In February, 1978, the Board credited petitioner with 130 days on that sentence, recomputed his effective date on that sentence to April 22, 1976, and modified his minimum and maximum dates.

As a result of further sentencing in other counties on separate offenses, petitioner's present latest minimum date is May 4, 1982, and his ultimate maximum date is May 4, 1988.

Petitioner claims that the time he spent in jail in Indiana County from October 23, 1975 to March 1, 1976 should be credited toward the sentence he is now serving. A period of 130 days is involved.[1]

First, it is impossible to determine from the record whether the 130-day credit the Board gave petitioner against his September, 1976 Indiana County sentence is the same 130 days for which petitioner now seeks credit.

If petitioner has already received credit for the period at issue, his present claim is without merit. He cannot receive credit twice for a single period of confinement. *Gasper v. Pennsylvania Board of Probation and Parole*, 37 Pa. Commonwealth Ct. 26, 388 A. 2d 1139 (1978).

---

[1] Petitioner claims entitlement to 160 days' credit for the period of confinement from October 23, 1975, to March 2, 1976. First, we note that the order of the Court of Common Pleas of Indiana County in that case was dated March 1, 1976. Second, our calculations indicate that this period totals only 130 days.

Assuming, without deciding, that this 130-day period has not been previously credited, the record must also be clarified to determine if the acts for which petitioner was later sentenced occurred before or after his arrest on October 23, 1975.

The Crimes Code, 18 Pa. C.S. §1360(4) provides:

> If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred *prior to his arrest,* credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence. (Emphasis supplied.)

Therefore, if any of the acts for which petitioner is now serving his multiple concurrent sentences occurred before his arrest of October 23, 1975, he must be credited with the 130 days. However, if those acts occurred after his October 23 arrest, then Section 1360 (4) is not applicable; instead, the principle enunciated in *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Superior Ct. 443, 217 A.2d 772 (1966) applies. *Rundle* states that the period of imprisonment in one county cannot be credited against charges pending in other counties or states.

Because the points discussed above are critical to a determination of this case, we direct the Board to file a clarifying affidavit.

ORDER

AND Now, this 24th day of July, 1979, the motions of John Lantzy and of the Pennsylvania Board of Probation and Parole for judgment on the pleadings are denied, without prejudice, and the Board is hereby directed to file a supplemental affidavit consistent with this opinion within 20 days of this order.