**Commonwealth v. Williams**

*Ronald T. Williamson, assistant district attorney,* for the Commonwealth.
*Michael P. Gottlieb,* for defendant.

TREDINNICK, *J.,* May 24, 1984—Defendant has filed a Post Conviction Hearing Act petition seeking credit for jail time spent in county prison prior to sentencing. He was sentenced to imprisonment on a burglary charge to date from November 10, 1976, the date of imposition of the sentence. No credit was given for time spent in Chester County prison prior to sentencing. In February of 1983, he filed an application for credit for time served in Chester County prison prior to imposition of the sentence. The application was denied by order dated March 2, 1983. Defendant then filed this petition, seeking the same relief, on November 14, 1983. An agreed statement of facts was submitted by the parties and the matter is now ready for adjudication.

## FACTS

Defendant was arrested on Chester County charges on January 30, 1976 and committed to the Chester County prison on that date. He was arrested February 11, 1976 on Montgomery County charges while he was incarcerated at Chester County prison and a detainer was lodged against him.

On November 10, 1976, this court sentenced defendant on charges at the above term and number, the sentence being 10 to 20 years imprisonment to

date from November 10, 1976, and a consecutive one-month to 23-month sentence. On January 13, 1977, defendant was sentenced to three and one-half to 10 years' imprisonment on the Chester County charges, effective date of sentence being January 30, 1976, thereby giving defendant credit for jail time back to the date of his initial incarceration in Chester County prison.

## DISCUSSION

The sole issue is whether defendant is entitled to credit against his Montgomery County sentence for time served in the Chester County prison from time of arrest for Chester County charges on January 30, 1976 until imposition of the Montgomery County sentence on November 10, 1976. Clearly, he is not.

Defendant suggests that the decision must rest on an interpretation of 42 Pa.C.S. § 9760(4), which reads as follows:

"If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence." December 30, 1974, P.L. 1052, § 1, effective in 90 days. As amended October 5, 1980, P.L. 693, § 401(a), effective in 60 days.

The argument is fallacious. As in this case, where credit is sought on a sentence imposed in one county (Montgomery County) for time served before trial and sentencing in a prison of another county for charges stemming from an arrest and conviction in that second county (Chester County), credit will not be given upon sentencing in the first county (Mont-

gomery County) for that time served. 42 Pa.C.S. § 9760(4) is inapplicable where two jurisdictions are involved in a situation such as we have here. Rather, Pa. Rule of Criminal Procedure 1406(b) is the guiding authority. Rule 1406(b) states:

"(b) A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment, for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant *for such offense* or offenses prior to the imposition of sentence." (Emphasis provided.)

Defendant was not incarcerated in the Chester County prison for the Montgomery County crimes. Rather, defendant was arrested on Chester County charges, and was held until sentencing on the Chester County charges on January 13, 1977 at which time he was credited for the time served prior to the Chester County sentencing.* Commonwealth ex rel. Bleecher v. Rundle, 207 Pa. Super. 443, 449, 217 A.2d 772, 776 (1966), held; ". . . the imprisonment in one county is credited only against the charges there, even though there are charges pending in other counties or states." In that case defendant was arrested in New York State on an extradiction warrant for crimes committed in Delaware and Montgomery Counties. Defendant was taken to Delaware County where he was incarcerated. He was acquitted on charges in Delaware County and was then taken to Montgomery County for trial where he was convicted and sentenced. Credit was denied for time spent in Delaware County Prison until the time of trial in Montgomery County. In

---

* Sentence effective January 30, 1976.

interpreting 19 P.S. § 898, amended 42 Pa.C.S. § 9760, the Pennsylvania Superior Court stated, "The above statutes give credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." Commonwealth ex rel. Bleecher v. Rundle, at 445, 217 A.2d 776. 42 Pa.C.S. § 9760 provides:

"(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody *as a result of the criminal charge for which a prison sentence is imposed. . . .*"

Defendant was not incarcerated in any prison prior to trial as a result of the Montgomery County crime. Rather, he was incarcerated in Chester County prison on a Chester County charge. The fact that a detainer was lodged against defendant while he was incarcerated in Chester County is of no aid to defendant, as it was not the cause of his continued detention there — he had not, nor did he ever, make bail on the Chester County charges. Witman v. Pennsylvania Board of Probation and Parole, 49 Pa. Commw. 649, 412 A.2d 194 (1980); Commonwealth v. Schwartz, 251 Pa. Super. 36, 379 A.2d 319 (1977).

Moreover, defendant's claim is moot in that he received credit from the Chester County Court upon his sentencing there. Defendant may not receive credit twice for a single period of confinement. Gasper v. Pennsylvania Board of Probation and Parole, 37 Pa. Commw. 26, 388 A.2d 1139 (1978), see also, Lantzy v. Commonwealth, 44 Pa. Commw. 396, 403 A.2d 1069 (1979) (dicta), 47 Pa. Commw. 266, 407 A.2d 926 (1979).

Accordingly, defendant's petition is dismissed.

## ORDER

And now, May 24, 1984, the petition of Bernard Williams for credit time is hereby dismissed.