612 A.2d 1053

**COMMONWEALTH of Pennsylvania**

v.

**Timothy LITTLE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 1992.

Filed Aug. 13, 1992.

David Crowley, Bellafonte, for appellant.

J. Karen Arnold, Asst. Dist. Atty., Bellafonte, for Com., appellee.

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

 Appellant, Timothy Little, entered a guilty plea to theft and was sentenced to thirty days to twenty-three and one-half months incarceration with no credit for time served. This sentence was later modified to give Appellant credit for twenty days time served. When Appellant was arrested for these charges he was already in custody in a different county on different charges. Appellant claims the trial court erred in not giving him credit for all pre-sentence custody even though the custody was in a different county where he was being held on different charges.[1] We agree and vacate the Judgment of Sentence and remand the matter for a recalculation of sentence.

The facts of this case are undisputed. On January 23, 1991, Appellant was arrested and charged with theft, receiving stolen property, conspiracy, and retail theft in connection with an incident occurring in September, 1990, in State College, Pa. Bail was set on these charges at six thousand dollars, and Appellant did not post the bail.

At the time of his arrest, Appellant was already incarcerated and awaiting trial on a number of criminal complaints in Allegheny County Prison, having failed to post bail on

---

1. We note that although Appellant has included in his brief a statement of Reasons for Allowance of Appeal, Appellant's challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of sentence. *Commonwealth v. Hollawell,* 413 Pa.Super. 42, 604 A.2d 723 (1992). A claim challenging the legality of a sentence is appealable as of right. *Id.*

that County's charges. At all times at which he was temporarily transferred to Centre County for proceedings on Centre County charges, he was subject to detainer by Allegheny County to return to his incarceration there awaiting trial on that County's charges.

On April 8, 1991, Appellant pled guilty in Centre County to theft and was sentenced to thirty days to twenty-three and one-half months incarceration in Centre County Prison, with no credit for time served. At that time, counsel for Appellant requested that the court permit credit for all time spent incarcerated from January 23, 1991, to April 8, 1991, even though Appellant's principal place of incarceration during that period was Allegheny County. This request was denied.

Appellant then filed a motion to modify the court's sentence, again seeking credit for this seventy-five day period. The court modified the sentence to afford Appellant credit for twenty days time served, reflecting the time periods in which Appellant was placed in the Centre County Prison awaiting various legal proceedings in Centre County.

Appellant's Allegheny County charges were not disposed of at the time of his sentencing in Centre County, and those charges were subsequently nol prossed.

On appeal Appellant contends that the trial court erred in not granting him credit for time served while he was in custody at the Allegheny County Jail. In response the Commonwealth refers to the position taken by the trial court which denied Appellant the requested relief on the basis that a defendant may not receive credit for time served prior to sentencing when he is incarcerated on wholly unrelated charges. The Commonwealth maintains that Appellant's incarceration in Allegheny County was not attributable to the Centre County charges and therefore he was not due any credit for time served in Allegheny County.

The legislature has set forth provisions dictating the manner in which credit for time served is to be computed.

*See* 42 Pa.C.S.A. § 9760.[2] Subsection (1) directs the court to issue credit as follows:

Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

Applying this section and referencing *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa.Super. 443, 217 A.2d 772 (1966), the Commonwealth suggests that Appellant cannot be credited for the period of imprisonment he spent in Allegheny County because that custody was not attributable to the Centre County charges. The *Bleecher* court in considering whether to credit an appellant in Montgomery County for time spent in Delaware County prison when he was later acquitted of the Delaware County charges, held that "the period of imprisonment in one county is credited only against the charges there, even though there are charges pending in other counties or states." *Id.,* 207 Pa.Superior Ct. at 448–49, 217 A.2d at 776. The court ruled that an appellant's "subsequent acquittal does not negate the fact that the imprisonment in Delaware County was not 'on the offense' for which appellant was sentenced in Montgomery County.

However, in *Lantzy v. Commonwealth,* 44 Pa.Commw. 396, 403 A.2d 1069 (1979) it was found that the principle of *Bleecher v. Rundle, supra.* is to apply only absent the applicability of 18 Pa.C.S. § 1360(4). Now codified under 42 Pa.C.S.A. § 9760(4), it provides:

If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time

2. This section was transferred from 18 Pa.C.S.A. § 1360, which was enacted on December 30, 1974 and became effective in 90 days. *See* 1980, Oct. 5, P.L. 693, No. 142, § 401(a).

spent in custody under the former charge that has not been credited against another sentence.

It is undisputed that Appellant was confined in Allegheny County on unrelated matters when he was arrested for the Centre County crimes he was alleged to have committed prior to his Allegheny County confinement. The trial court acknowledges that prior to sentencing on the Centre County charges he was not given credit in Allegheny County for the time spent in their facility and, in fact, the Allegheny County charges were subsequently nol prossed. Under these circumstances we find the provisions of § 9760(4) applicable and conclude the trial court erred in not crediting Appellant for the time served in the Allegheny County prison, since Allegheny County did not credit him for this period of confinement prior to the imposition of the Centre County sentence.

By our ruling we do not conclude, as suggested by the Commonwealth, that a defendant can be credited for the entire length of time spent in a different jurisdiction on unrelated charges for which credit was not issued. Rather we conclude that by reading § 9760(4) together with the provisions of § 9760(1), a defendant will be issued credit for the period of time confined in a different jurisdiction, which has not been credited, and which can be attributed to the pending criminal charges.[3] By this statement we hold that

---

3. Our ruling is in keeping with the statement made by this court in a footnote in *Commonwealth v. Frank*, 263 Pa.Super. 452, 398 A.2d 663 (1979). Therein it was noted:

Should appellant's sentence be reinstated, credit must be given for the time he has spent in custody as a result of the crimes he committed on August 24, 1974. Although convicted first in Chester County, appellant was sentenced first in Lancaster County. The sentence he ultimately received in Chester County was made consecutive to the Lancaster sentence. Under these circumstances, credit against this Lancaster sentence must be given from the date of his initial incarceration under the terms of 18 Pa.C.S.A. § 1360(4) (Supp.1978–79) *See also* Pa.R.Crim.P. 1406. It should be observed that this calculation will not allow appellant double credit for the time he served prior to his sentencing in Lancaster County. Once credit is given against his Lancaster County sentence under 18 Pa.C.S.A. § 1360(4), the time appellant has served in custody is no longer 'a result of' the charges that arose in Chester County within

Appellant must be given credit for the time spent in Allegheny County, following the date of his arrest on the Centre County charges, (January 23, 1991), until the date he was sentenced on the Centre County charges (April 8, 1991).

The trial court has already credited Appellant with 20 days time served, reflecting the time period during which his was placed in the Centre County Prison awaiting Centre County legal proceedings, however, Appellant is entitled to credit for the remaining period of time. Accordingly, we vacate the Judgment of Sentence and remand this matter to the trial court for a recomputation of sentence in accordance with our directive. Jurisdiction relinquished.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting:

While the author of the majority view provides a most persuasive expression, I am obliged to respectfully dissent since the sequence of the events of the instant case do not, in my view, match the conditions precedent prescribed in 42 Pa.C.S. § 9760(4). Thus, I would affirm the judgment of sentence imposed by the distinguished Judge David E. Grine.

the meaning of subsection (1) of that provision, and thus cannot be credited against the sentence he received there.
*Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663, 675, ftn. 10 (1979).