J-S68007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SABRINA YOUNG, | |
| Appellant | No. 1282 WDA 2015 |

Appeal from the Judgment of Sentence July 21, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011683-2007

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 18, 2016**

Appellant, Sabrina Young, appeals from the judgment of sentence entered following the revocation of her probation.  Because the trial court failed, at the time of sentencing, to make an on-the-record determination of Appellant's eligibility for a Recidivism Risk Reduction Incentive ("RRRI") sentence pursuant to the RRRI statute, 61 Pa.C.S. §§ 4501-4512, we vacate the judgment of sentence and remand for further proceedings.

The trial court summarized the protracted procedural history of this case as follows:

> [Appellant] was charged with one (1) count of Retail Theft in relation to an incident at Macy's Department Store.  She initially appeared before this Court on August 23, 2007 and was

---

[*]  Retired Senior Judge assigned to the Superior Court.

sentenced to a term of probation of three (3) years. No Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] next appeared before this Court on July 13, 2010 for a probation violation hearing. At that hearing, this Court revoked [Appellant's] probation and imposed a new term of probation of one (1) year. Again, no Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] again appeared before this Court on November 15, 2011 for a probation violation hearing. At that hearing, this Court revoked [Appellant's] probation and imposed a new term of probation of two (2) years. Again, no Post-Sentence Motions were filed and no direct appeal was taken.

Once again, [Appellant] appeared before this Court on March 12, 2013 for a probation violation hearing. At that hearing, this Court revoked [Appellant's] probation and imposed a new term of probation of two (2) years. Again, no Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] next appeared before this Court on January 14, 2014 for a probation violation hearing. At that hearing, this Court once again revoked [Appellant's] probation and imposed a new term of probation of two (2) years.[1] Again, no Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] again appeared before this Court on July 21, 2015 for a probation violation hearing. At the conclusion of that hearing, this Court revoked [Appellant's] probation and imposed a term of imprisonment of three (3) to seven (7) years. Timely Post-Sentence Motions were filed and were denied on August 27, 2015. This appeal followed.

Trial Court Opinion, 5/19/16, at 1-2 (footnote omitted). Both Appellant and

the trial court have complied with Pa.R.A.P. 1925.

_____

[1] We note that the sentencing order issued by the trial court on January 14, 2014, also imposed a term of incarceration of time served, which equaled 112 days of incarceration starting on September 25, 2013, and ending January 14, 2014. Order, 1/14/14, at 1.

Appellant presents the following issue for our review:

Whether the trial court imposed an illegal revocation sentence when it failed to determine, at the time of sentencing, whether [Appellant] is an eligible offender under the Recidivism Risk Reduction Incentive Act, thereby violating 61 Pa.C.S.A. § 4505(a)?

Appellant's Brief at 4.

Appellant argues the trial court imposed an illegal sentence when, at the time of sentencing, it failed to make an on-the-record determination of whether Appellant is an eligible offender under the RRRI statute. Appellant's Brief at 14-19. Appellant contends that her sentence must be vacated and the matter remanded for a new sentencing hearing. *Id*. at 18. The Commonwealth has conceded that the case should be remanded to the trial court for a new sentencing hearing. Commonwealth's Brief at 5-8.

We begin by observing that this Court clarified in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), that our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, 83 A.3d at 1034. A challenge to the legality of

sentence is an attack upon the power of a court to impose (or, in this case, not to impose) a given sentence. ***Commonwealth v. Lipinski***, 841 A.2d 537, 539 (Pa. Super. 2004). Furthermore, with regard to determinations of RRRI eligibility, this Court has stated that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010).

In fact, the Sentencing Code was amended, effective November 24, 2008, to include the following section requiring RRRI eligibility determinations:

> **(b.1) Recidivism risk reduction incentive minimum sentence.--The court shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court **shall** impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1) (emphases added). Thus, our legislature has made clear that it is the trial court's responsibility to determine whether a defendant is RRRI eligible. ***See*** 61 Pa.C.S. § 4505 (a) ("**At the time of sentencing**, the court **shall** make a determination whether the defendant is an eligible offender.") (emphases added).

Our review of the certified record reflects that, at Appellant's sentencing on July 21, 2015, the trial court failed to make a determination regarding whether Appellant was RRRI eligible. N.T., 7/21/15, at 2-10. Indeed, the record is devoid of any determination by the trial court at the time of sentencing as to the eligibility of Appellant for an RRRI minimum sentence.

In her Pa.R.A.P. 1925(a) opinion, the Honorable Donna Jo McDaniel concluded that Appellant's issue lacked merit and stated that "[the trial court] was correct in not imposing an RRRI sentence" because "[a] review of [Appellant's] prior criminal history indicates" convictions of "violent offenses." Trial Court Opinion, 5/19/16, at 3. This is not an acceptable justification for failing to make a determination on the record at the time of sentencing.

As previously stated, the requirement that a sentencing court determine whether a defendant is RRRI eligible pursuant to the RRRI statute has been incorporated into the Sentencing Code. 42 Pa.C.S. § 9756(b.1). The Sentencing Code further requires that "[a] record of the sentencing proceeding shall be made and preserved in such a manner that it can be transcribed as needed," 42 Pa.C.S. § 9759(a), and that the court "disclose in open court during sentencing, a statement of the reasons for the sentence." 42 Pa.C.S. § 9721(b). Therefore, it is clear that an offender's eligibility must

be determined by the sentencing court on the record at the sentencing hearing.

Accordingly, because the trial court failed to make a statutorily required determination regarding Appellant's eligibility for an RRRI minimum sentence at the time of sentencing as required, the sentence imposed is illegal. **Robinson**, 7 A.3d at 871. Hence, we are constrained to vacate the judgment of sentence and remand this matter for resentencing.

In addition, we observe that in footnote six of her brief, Appellant also alleges that her instant sentence imposing a term of incarceration of three to seven years is illegal because it imposed the maximum sentence of seven years, and Appellant had previously served a term of incarceration of 112 days. Appellant's Brief at 18-19, n.6. Appellant contends that, because the instant sentence did not grant her credit for the 112 days of time previously served for this conviction of retail theft, the sentence is illegal. We agree.

As we have stated, a "challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of sentence. A claim challenging the legality of a sentence is appealable as of right." **Commonwealth v. Little**, 612 A.2d 1053, 1053 n.1 (Pa. Super. 1992).

With regard to awarding credit for time served, the Sentencing Code provides, in relevant part, as follows:

**§ 9760. Credit for time served**

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> > (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

Our review of the trial court's sentencing order on appeal reflects that the trial court granted Appellant credit for time served totaling 430 days, starting on May 18, 2014, and ending on July 21, 2015. Order, 7/21/15, at 1. However, as previously noted, for this particular conviction Appellant also served a term of incarceration of 112 days starting on September 25, 2013, and ending January 14, 2014. The trial court's sentencing order dated July 21, 2015 does not include credit for this period. Accordingly, upon remand we caution the trial court to calculate accurately the correct credit for time that Appellant has served for this conviction.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2016