J. S53040/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DWAYNE HILL, | : | No. 2113 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 27, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005022-2007

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 11, 2017**

Dwayne Hill appeals from the denial of his PCRA[1] petition seeking restoration of his direct appeal rights ***nunc pro tunc*** in this violation of probation ("VOP") case.  We affirm.

This history of this case has been aptly summarized by the PCRA court as follows:

> On January 11, 2008, following a jury waiver trial before the Honorable John M. Younge, [appellant] was found guilty of Possession with Intent to Deliver ("PWID") (35 P.S. § 780-113 §§ A30), Criminal Conspiracy (18 Pa. C.S. § 903 §§ A1), Simple Possession (35 P.S. § 780-113 §§ A16), and Possession of Drug Paraphernalia (35 P.S. § 780-113 §§ A32).  On April 17, 2008, [appellant] was sentenced to four (4) years of probation for both [the] PWID and Conspiracy charges, with no further penalty for the remaining

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

charges. [Appellant]'s case was subsequently transferred to the Honorable Rayford A. Means.

On August 24, 2008, while on this Court's probation, [appellant] was arrested and charged with Rape with Forcible Compulsion (18 Pa. C.S. § 3121 §§ A1). On May 25, 2013, following a jury trial, [appellant] was found guilty of Rape with Forcible Compulsion. The victim in that case was a sixteen year old girl. At a [VOP] hearing on October 17, 2013, this Court found [appellant] to be in direct violation of its probation. This Court revoked [appellant]'s probation and issued a new sentence of five (5) to ten (10) years of confinement for both the PWID and Conspiracy charges, to run concurrently.[2]

On December 12, 2013, [appellant] filed a petition pursuant to the [PCRA]. Counsel was appointed, and on April 14, 2015 filed an amended petition. This Court held a PCRA hearing on June 27, 2016. At that hearing, this Court found [appellant] to be incredible, and his PCRA petition was subsequently denied. [Appellant] filed a timely Notice of Appeal to the Superior Court of Pennsylvania. On August 17, 2016, pursuant to this Court's order, [appellant] filed a Concise Statement of Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)], in which he set forth several issues and also requested to be able to supplement the statement upon receipt of all relevant notes of testimony. On October 11, 2016, having confirmed the availability of all relevant notes of testimony, and having head [sic] nothing further from [appellant], this Court issued a second order pursuant to Rule 1925(b). On October 20, 2016, [appellant] filed a second Concise Statement. [Appellant] alleges that this Court erred in not reinstating his appellate rights ***nunc pro tunc***, for numerous reasons which are addressed below.

---

[2] Appellant's VOP sentence of 5 to 10 years' imprisonment was to be served consecutively to his sentence of 8 to 16 years for rape.

PCRA court opinion, 11/30/16 at 1-2.

Appellant has raised the following issues for this court's review:

> I. Is [appellant] entitled to reinstatement of his appeal rights ***nunc pro tunc*** from the judgment of sentence imposed at his VOP hearing when he proved by a preponderance of the evidence that he requested within 6 days via letter to his counsel that counsel pursue an appeal and when he believed that counsel may not have received the letter, he then filed a PCRA Petition within 60 days of the VOP sentence hearing?
>
> II. Was the sentence imposed by the trial court illegal because the trial court did not order that [appellant] be given credit for time served?
>
> III. Is [appellant] entitled to a new VOP/sentence hearing because he was denied his Constitutional right to an adversarial process at the VOP/sentence hearing?

Appellant's brief at 2.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct

was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (1999); ***Commonwealth v. Douglas***, 537 Pa. 588, 645 A.2d 226, 230 (1994).

***Commonwealth v. Bracey***, 795 A.2d 935, 942 (Pa. 2001).

It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights. ***Commonwealth v. Lantzy***, 558 Pa. 214, 736 A.2d 564 (1999). Where a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights. ***Roe v. Flores-Ortega***, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); [***Commonwealth v. Carter***, 21 A.3d 680, 682-683 (Pa.Super. 2011)]. Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal. ***Roe v. Flores-Ortega***, *supra*.

***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa.Super. 2011),

***appeal denied***, 40 A.3d 1235 (Pa. 2012).

The right of a criminal defendant to appeal is guaranteed in the Pennsylvania Constitution, Article V § 9. However, before a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request. ***Commonwealth v. Lehr***, 400 Pa.Super. 514, 583 A.2d 1234, 1235 (1990). Mere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal

> was ignored or rejected by trial counsel. ***Commonwealth v. Collins***, 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); ***Commonwealth v. Fanase***, 446 Pa.Super. 654, 667 A.2d 1166, 1169 (1995).

***Commonwealth v. Harmon***, 738 A.2d 1023, 1024 (Pa.Super. 1999), ***appeal denied***, 753 A.2d 815 (Pa. 2000) (footnote omitted).

Appellant alleged that he sent trial counsel a letter on October 18, 2013, the day after sentencing, requesting that counsel file post-sentence motions and a direct appeal. Following an evidentiary hearing, the PCRA court rejected appellant's claim as not credible. The PCRA court explained,

> There is no credible evidence on the record to support [appellant]'s claim that he requested to file a post-sentence motion or appeal. The only corroborating evidence of a request to file such a motion is [appellant]'s own testimony that he sent a letter to the Defender Association. This Court determined that [appellant]'s testimony was incredible based on the following: (1) There is no record that the letter was sent from the prison or received at the Defender's office; (2) An attorney who had served with the Defenders for some time testified at the hearing that it would have been common practice to make a record of such a request were it received; and, (3) [appellant] did not mention the letter in his original PCRA filing, making his testimony and his petition inconsistent with one another. As such, [appellant] has not met his burden in demonstrating ineffective assistance of counsel.

PCRA court opinion, 11/30/16 at 5. The PCRA court made a credibility determination, which is unassailable on appeal. ***See Commonwealth v. Widgins***, 29 A.3d 816, 820 (Pa.Super. 2011), citing ***Commonwealth v.***

*Johnson*, 966 A.2d 523, 539 (Pa. 2009) ("The PCRA court's credibility determinations are binding on this Court, where the record supports those determinations."). We have no basis for disturbing the PCRA court's determination in this regard.[3]

Next, appellant complains that his sentence was illegal because the trial court failed to award credit for time served from August 24, 2008, when he was arrested on the rape charge. (Appellant's brief at 8.) This issue was not raised in either appellant's original *pro se* PCRA petition or in his counseled amended petition. However, we acknowledge that the issue goes to the legality of appellant's sentence and is non-waivable, so long as this court has jurisdiction. *See Commonwealth v. Little*, 612 A.2d 1053, 1053 n.1 (Pa.Super. 1992), citing *Commonwealth v. Hollawell*, 604 A.2d 723 (Pa.Super. 1992) ("Appellant's challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of sentence. A claim challenging the legality of a sentence is appealable as of right."); *see also Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa.Super. 2001) ("So long as jurisdictional requirements are met, '[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by

---

[3] Appellant does not argue that trial counsel had a duty to consult, only that he specifically requested that trial counsel file a direct appeal and that trial counsel disregarded his request. *See Markowitz*, 32 A.3d at 715 n.10 (observing that *Harmon* is still viable precedent after *Roe v. Flores-Ortega* insofar as to establish a claim of *per se* trial counsel ineffectiveness, a defendant must demonstrate that counsel neglected to file a requested direct appeal).

this court.'"), quoting **Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa.Super. 1998).

Nevertheless, appellant was not entitled to credit time where it appears that all time he served between the date of his August 24, 2008 arrest and his VOP hearing was already credited towards his 8 to 16-year sentence for rape. (Commonwealth's brief at 11.) His 5 to 10-year VOP sentence for PWID and conspiracy was run consecutively to his new sentence on the rape conviction. Appellant is not entitled to double credit. 42 Pa.C.S.A. § 9760(4); **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa.Super. 2014) ("This Court has held that a defendant is not entitled to 'receiv[e] credit against more than one sentence for the same time served.'"), quoting **Commonwealth v. Merigris**, 681 A.2d 194, 195 (Pa.Super. 1996); **Martin v. Pa. Bd. of Prob. & Parole**, 840 A.2d 299, 309 (Pa. 2003) ("[W]here an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." (footnote omitted)); **Bright v. Pa. Bd. of Prob. & Parole**, 831 A.2d 775, 778 (Pa.Cmwlth. 2003) (Section 9760(4) mandates that credit for time served on a sentence can only be granted when it has not already been credited toward another sentence).

Finally, appellant alleges that trial counsel was ineffective for various reasons including failure to consult with appellant, failure to object to undue

delay, failure to request a presentence investigation report, failure to question the probation officer at the VOP hearing, failure to introduce evidence regarding appellant's family history and rehabilitative needs, and failure to request that the trial court put its reasons for appellant's sentence on the record. (Appellant's brief at 9.) Appellant argues that this constituted an abandonment by trial counsel. (*Id.* at 9-10.) None of these issues were raised in either appellant's *pro se* PCRA petition or in his counseled amended petition; as such, they are deemed waived. ***See Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal." (quotation marks and citations omitted)); ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (claim not raised in PCRA petition cannot be raised for the first time on appeal, and is "indisputably waived"); 42 Pa.C.S.A. § 9544(b).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017