J-S31024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KASIEM STAPLETON | : | |
| | : | |
| Appellant | : | No. 16 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 31, 2023
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000003-2022

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 3, 2024**

Kasiem Stapleton appeals from the judgment of sentence entered in Carbon County following his guilty plea to possession with intent to deliver a controlled substance ("PWID"). 35 P.S. § 780-113(a)(30). We conclude the trial court erred in failing to award credit for time served. However, remand is not necessary, as Stapleton received the credit he seeks at another docket. We therefore affirm the judgment of sentence.

In June and July 2021, on three separate occasions, Stapleton and two accomplices sold methamphetamine to a confidential informant in Carbon County. The Commonwealth filed a criminal complaint in Carbon County on July 30, 2021, charging Stapleton with PWID and other offenses.[1]

_____

[1] The other charges were possession of a controlled substance, criminal use of a communication facility, and possession of drug paraphernalia. 35 P.S. §

*(Footnote Continued Next Page)*

A little over three months later, on November 9, 2021, Stapleton was arrested in Northumberland County and was held for charges at two separate Northumberland County dockets.[2] While being held in Northumberland County, on November 10, 2021, Stapleton was arrested on the charges in Carbon County. That same day, the magistrate held a preliminary arraignment on the Carbon County charges and set bail at $100,000. Stapleton did not post bail. In February 2022, Stapleton pleaded guilty to charges at one of the Northumberland dockets, but the court did not sentence him at that time.

Then, in Carbon County, Stapleton pleaded guilty on August 31, 2023, to PWID, and the court sentenced him to 24 to 60 months' incarceration. It granted him eight days of credit for time served, which equaled the time Stapleton was held in pretrial custody in Carbon County.[3] He did not receive credit for any time spent in Northumberland County's custody. Stapleton filed a post-sentence motion challenging the denial of credit for time served in Northumberland County.

Stapleton subsequently pleaded guilty at the second Northumberland County docket, on September 15, 2023, and Northumberland County

_____

780-113(a)(16), 18 Pa.C.S.A. § 7512(a), and 35 P.S. § 780-113(a)(32), respectively.

[2] The Northumberland dockets are CP-49-CR-0001858-2021 and CP-49-CR0000041-2022.

[3] The court credited Stapleton for three days, from January 29, 2023, to January 31, 2023, when he was in Carbon County for a pre-trial motion hearing, and five days, from August 18, 2023, to August 22, 2023, when he was in Carbon County before his plea hearing.

sentenced Stapleton at both Northumberland dockets. It credited Stapleton with 660 days, which was the time he had spent in pretrial custody in Northumberland County.

The Carbon County court then held a hearing on the post-sentence motion, on November 30, 2023, and denied it that same day. Stapleton timely appealed, and now raises the following issue:

> Did the lower court err in not granting [Stapleton] a time credit for the period from his arraignment for these charges on November 10, 2021, until sentencing on August 31, 2023, a total of 629 days, in that he was unable to post bail set on November 10, 2021, forcing him to remain in custody subject to the Carbon County detainer lodged in other counties where he was housed, and at the time of sentencing in this case he had not been sentenced in another county?

Stapleton's Br. at 3.

Stapleton points out that at the time of the Carbon County sentencing, he had not been sentenced at either Northumberland County docket. He relies on **Commonwealth v. Little**, 612 A.2d 1053 (Pa.Super. 1992), to argue that a defendant should be issued credit for time served in a different jurisdiction if the time has not already been credited, and the time can be attributed to the charges for which the defendant is then being sentenced. He maintains that when Carbon County sentenced him, he had not been convicted in Northumberland County, and, as he had been held on the Carbon County charge since his arraignment in November 2021, he was entitled to credit for the time served. Stapleton maintains that **Commonwealth ex rel. Bleecher v. Rundle**, 217 A.2d 772 (Pa.Super. 1996), has been abrogated by changes

in the law. He notes his Carbon County charges were based on incidents that occurred prior to the Northumberland County arrest, the Northumberland arrest and arraignment were prior to the Carbon County arrest, and he was convicted and sentenced in Carbon County before Northumberland County.

Stapleton maintains that by not crediting him for time served in Northumberland County, Carbon County presumed he would be sentenced on the guilty plea he entered at the one Northumberland County docket, which he could have withdrawn; he would be convicted at the second docket; Northumberland County would credit the time spent in custody toward the convictions in that county; and the sentencings would occur within 30 days of the Carbon County sentence, after which the court would lose jurisdiction to grant credit for time served. He further maintains that by not granting credit for time served, the Carbon County court "deprived the Northumberland County [c]ourt its prerogative to impose a sentence that would have granted a time credit to [Stapleton] which would have resulted in a reduced period of incarceration prior to his eligibility for parole[.]" Stapleton's Br. at 18-19 (citation to record omitted). He claims the Northumberland County court attempted to do so by imposing at one docket a concurrent sentence to the Carbon County judgment, and it may have chosen to do so even if Carbon County had granted him credit for 629 days.

"A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa.Super. 2018). "Issues relating to the legality of a

- 4 -

sentence are questions of law," for which our standard of review is *de novo*

and our scope of review is plenary. ***Id.***

Credit for time served is governed by Section 9760 and provides, in

relevant part:

> After reviewing the information submitted under section 9737[4] (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> . . .
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

_____

[4] Section 9737 provides:

> The court shall order that an appropriate agency shall determine all criminal charges brought in any court against the defendant and report to the court on the status or the disposition of such charges. The court shall also be informed if the defendant is then serving any term of imprisonment, or is on probation or parole with reference to any such charges, or is entitled to credit for any time in accordance with section 9760 (relating to credit for time served).

42 Pa.C.S.A. § 9737.

42 Pa.C.S.A. § 9760(1), (4).

Here, the trial court denied credit, finding Section 9760(4) did not apply because the "prosecution" of the Carbon County charges occurred in July 2021, when the criminal complaint was filed. Trial Court Opinion, filed Dec. 19, 2023, at 8. We disagree.

When faced with an issue of statutory construction, we are guided by the "principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent." **Commonwealth v. Shiffler**, 879 A.2d 185, 189 (Pa. 2005). "[A]s a general rule, the best indication of legislative intent is the plain language of a statute." **Id.** (citation omitted). Indeed, "'[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage,' while any words or phrases that have acquired a 'peculiar and appropriate meaning' must be construed according to that meaning." **Id.** (quoting 1 Pa.C.S.A § 1903(a)). Although "statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.[A.] § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant." **Id.**

Section 9760(4) provides:

> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(4). The statute does not define the term "prosecution." However, Black's Law Dictionary defines "prosecution" as "2. A criminal proceeding in which an accused person is tried <the conspiracy trial involved the prosecution of seven defendants>." Black's Law Dictionary (12th Ed. 2024). Merriam-Webster Dictionary defines "prosecution" as "the act or process of prosecuting, *specifically*: the institution and continuance of a criminal suit involving the process of pursuing formal charges against an offender to final judgment[.]" Merriam-Webster Dictionary, Prosecution, found at https://www.merriam-webster.com/dictionary/prosecution (last accessed Nov. 5, 2024). Accordingly, a "prosecution" may commence with the filing of the complaint, but the term includes the entire criminal proceeding in which a defendant is tried for a crime.

This conclusion is further supported by precedent. The case law focuses on the arrest and confinement on the charge, and whether the acts for which the court imposed a sentence occurred prior to the arrest in another county, not the filing of the complaint.

In *Commonwealth ex rel. Bleecher v. Rundle*, the defendant was arrested in New York in July 1961 based on charges lodged in two Pennsylvania counties—Delaware and Montgomery. 217 A.2d at 773. In June 1962, he waived formal extradition and was taken to Delaware County. *Id.* He was found not guilty of the Delaware County offenses and transported to Montgomery County. *Id.* at 774. In Montgomery County, he was convicted of burglary and larceny and sentenced to three to six years' incarceration. *Id.*

The trial court denied his request for credit for time served in New York and in Delaware County. This Court concluded the court erred in denying credit for time spent in New York challenging extradition, as the reason for the confinement was the offenses for which the Montgomery County court sentenced him. *Id.* at 775. However, we concluded that the court did not err in denying credit for time spent in Delaware County, because his "imprisonment in Delaware County was not 'on the offense' for which appellant was sentenced in Montgomery County." *Id.* at 776 (emphasis omitted).

In ***Commonwealth v. Lantzy***, 403 A.2d 1069 (Pa.Cmwlth. 1979),[5] the Pennsylvania Commonwealth Court addressed a petition for review where the petitioner sought credit for time spent in confinement in Indiana County. The procedural history at issue in ***Lantzy*** was as follows:

> Petitioner was arrested on October 23, 1975 in Indiana County for driving under suspension. He received a suspended 12-to-24 month sentence on March 1, 1976, and was placed on two years' probation.
>
> The record indicates that in August, 1976, petitioner was given multiple concurrent sentences in Clarion County for offenses unrelated to his October 23, 1975 arrest.
>
> In September, 1976, petitioner was further sentenced in Indiana County, to a further concurrent term of three-to-six years, effective September 2, 1976. In February, 1978, the Board credited petitioner with 130 days on that sentence,

---

[5] "This Court is not bound by the decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." ***Commonwealth v. Hunt***, 220 A.3d 582, 590 n.6 (Pa.Super. 2019) (quoting ***Petow v. Warehime***, 996 A.2d 1083, 1088 n.1 (Pa.Super. 2010)).

> recomputed his effective date on that sentence to April 22, 1976, and modified his minimum and maximum dates.
>
> As a result of further sentencing in other counties on separate offenses, petitioner's present latest minimum date is May 4, 1982, and his ultimate maximum date is May 4, 1988.
>
> Petitioner claims that the time he spent in jail in Indiana County from October 23, 1975 to March 1, 1976 should be credited toward the sentence he is now serving. A period of 130 days is involved.

*Lantzy*, 403 A.2d at 1069.

The *Lantzy* Court remanded to determine whether the defendant had already received credit for the time sought. If the time had not yet been credited, the Court further remanded to clarify the record to determine "if the acts for which petitioner was later sentenced occurred before or after his arrest on October 23, 1975." *Id.* at 1070. The Court pointed to Section 1360(4) and stated that "if any of the acts for which petitioner is now serving his multiple concurrent sentences occurred before his arrest of October 23, 1975, he must be credited with the 130 days." *Id.* The court, however, also concluded that "if those acts occurred after his October 23 arrest, then Section 1360(4) is not applicable; instead, the principle enunciated in *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa.Super. 443, 217 A.2d 772 (1966) applies," such that the "period of imprisonment in one county cannot be credited against charges pending in other counties or states." *Id.*

In *Commonwealth v. Little*, when the defendant was arrested on charges in Centre County, he was in custody in Allegheny County on different charges. 612 A.2d at 1053. He was unable to post bond on the Centre County

charges. *Id.* at 1054. In April 1991, the defendant pleaded guilty to the Centre County charges and the court sentenced him to 30 days to 23½ months' incarceration, with no credit for time served in Allegheny County. The Allegheny County charges had not been disposed of at the time of the Centre County sentencing, and subsequently were *nol. prossed*. *Id.* This Court found that Section 9760(4) was applicable and the trial court erred in not crediting the defendant with time served in Allegheny County following his arrest on the Centre County charges, as Allegheny County "did not credit him for the period of confinement prior to the imposition of the Centre County sentence." *Id.* at 1055. We reasoned that "reading § 9760(4) together with the provisions of § 9760(1), a defendant will be issued credit for the period of time confined in a different jurisdiction, which has not been credited, and which can be attributed to the pending criminal charges." *Id.*

Applying Section 9760(a)(1) and (4) and the relevant case law, we conclude the trial court erred in not awarding Stapleton credit for time spent in Northumberland County following his arrest on the Carbon County charges. Section 9760(4) applies because Stapleton was arrested on the Northumberland County charges and later prosecuted, including a guilty plea and sentencing, in Carbon County for acts that occurred prior to the Northumberland arrest. *See* 24 Pa.C.S.A. § 9760(4); *Little*, 612 A.2d at 1055. Because Section 9760(4) applies, the court erred in denying credit, as the time had not yet been credited against another sentence.

However, although the trial court erred in denying credit, we need not remand for resentencing. "Section 9760(4) makes it clear that time credit on a sentence may be granted only when it has not already been credited toward another sentence." ***Bright v. Pa. Bd. of Probation and Parole***, 831 A.2d 775, 778 (Pa.Cmwlth. 2003); ***see also Commonwealth v. Merigris***, 681 A.2d 194, 195 (Pa.Super. 1996) ("a defendant should receive credit only once for time served before sentencing"). "Neither Section 9760 nor any other provision of the Code allows a defendant to receive credit against more than one sentence imposed for multiple convictions of separate and unrelated charges." ***Bright***, 831 A.2d at 778.

Stapleton received the credit for his time in Northumberland County when the Northumberland County trial court sentenced him on the charges in that county. He cannot receive credit for time served at multiple dockets. ***Id.*** There is no appeal before us of the Northumberland County docket, and remanding and ordering credit here would result in Stapleton receiving credit at multiple dockets, which the statute does not permit.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024

- 11 -