J-S43008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES FEY | |
| Appellant | No. 1440 WDA 2017 |

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No: CP-63-CR-0000966-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES FEY | |
| Appellant | No. 1441 WDA 2017 |

Appeal from the PCRA Order September 26, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No: CP-63-CR-0000968-2013

BEFORE:  STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 22, 2019**

In these consolidated appeals, Appellant Charles Fey challenges an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends, *inter alia*, that his

attorney negligently permitted him to plead guilty to first-degree burglary[1] even though his offenses constituted only second-degree burglary under the Crimes Code. We affirm.

> The PCRA court summarized the factual history of this case as follows:
>
> On January 21, 2013, South Strabane Police received a call in regard to suspicious activity in the 1500 block of Lombard Circle. The caller stated that he observed two individuals walking around the home at 1530 Lombard Circle. The home at this address was newly constructed and was not, at that time, inhabited by anyone. The caller indicated that a dark colored truck was parked in the driveway and that he saw the two individuals enter the garage of the home. When police responded, they observed a dark green Dodge Ram 2500 pickup truck in the driveway at 1530 Lombard Circle. [Appellant] was seated inside the truck along with another individual, Jason Moore. When police entered the garage, they discovered three brand new appliances sitting near the garage door . . .
>
> On March 20, 2013, Cecil Township Police received a call from Heartland Homes regarding the theft of appliances from a new residence in their housing development. The residence in question was 1088 Woodlawn Drive and it was uninhabited at the time. Police were advised by 911 that a tan or light brown GMC extended cab pickup truck was being used to transport two stolen stoves in the bed. Officer Brian Hart responded to the call and observed a truck matching the description given. Officer Hart saw several appliances still in their packing boxes in the bed of the truck as it drove past his cruiser. Officer Hart proceeded to conduct a traffic stop where he found [Appellant] to be driving the truck. There was a passenger in the car by the name of Thomas Ashbaugh. [Appellant] indicated to Officer Hart that he was a subcontractor for Heartland Homes and was moving the appliances to a different site in Bridgeville. Police contacted Heartland Homes and were informed that the appliances in question had been stolen from the property at 1088 Woodlawn Drive.

---

[1] 18 Pa.C.S.A. § 3502.

Opinion, 3/6/18, at 1-2. At another point in 2013, Appellant was arrested for a third burglary that is not at issue in this appeal.

Appellant was charged in three informations with burglary and other offenses. On November 10, 2014, pursuant to a negotiated guilty plea, the trial court sentenced Appellant to (1) 15-30 months' imprisonment for first-degree burglary (structure adapted for overnight use, no person present) at CP-63-CR-0000968-2013; (2) a consecutive term of 15-30 months' imprisonment for first-degree burglary (structure adapted for overnight use, no person present) at CP-63-CR-0000966-2013; and (3) a consecutive term of three years' probation for second-degree burglary (structure not adapted for overnight accommodations) at CP-63-CR-0000213-2013.

Appellant did not file a direct appeal. In 2015, he filed a timely *pro se* PCRA petition alleging ineffective assistance of guilty plea counsel. Through counsel, Appellant filed an amended PCRA petition alleging ineffective assistance and other claims. On August 4, 2017, following an evidentiary hearing, the PCRA court denied Appellant's ineffectiveness claim but left the record open with regard to his request for credit for time served. On September 19, 2017, the court denied credit for time served. Appellant filed a timely appeal to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the PCRA court err in finding [guilty] plea counsel had a reasonable basis for advising his client to plead guilty to two felony

of the first-degree burglary counts pursuant to 18 Pa.C.S.A. § 3502(a)(2), where: (1) counsel acknowledged being unaware of governing case law; (2) admitted that he did not discuss the distinction between the aforementioned burglary offense and burglary of a structure not suitable for overnight accommodations; (3) was aware that the homes were under various stages of construction; (4) did not speak with the officers regarding the homes that counsel knew were under construction; and (5) there are no facts in the evidentiary record to support [Appellant] having entered into a residence that was suitable for overnight accommodations?

2. Whether the undersigned was ineffective in failing to object to the PCRA court's erroneous consideration of hearsay evidence from the affidavits of probable cause, *i.e.*, that electricity was present at one home and a garage door was present at another home, in both its questioning of the witnesses and ruling against [Appellant]?

3. Is [Appellant] entitled to credit for time served of twenty-seven days where he did not receive that credit for any other charges?

Appellant's Brief at 4.

When reviewing the denial of PCRA relief, "we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." **Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013).

Appellant first claims that guilty plea counsel provided ineffective assistance by directing him to plead guilty to two counts of first-degree burglary even though his offenses constituted only second-degree burglary. We presume that counsel was effective, and Appellant has the burden of

proving otherwise. ***Commonwealth v. Brown***, 767 A.2d 576, 581 (Pa. Super. 2001). To prevail on a claim of ineffective assistance, Appellant must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's mistake prejudiced the petitioner. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011). The failure to satisfy any one of the prongs will cause the entire claim to fail. ***Commonwealth v. Smith***, 181 A.3d 1168, 1175 (Pa. Super. 2018). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Id.***

Since Appellant challenges the adequacy of guilty plea counsel's representation, we must be mindful that

> a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Wah***, 42 A.3d 335, 338–39 (Pa. Super. 2012).

Burglary is generally a first degree felony. ***See*** 18 Pa.C.S.A. § 3502(c)(1). However, if the building, structure, or portion entered is not adapted for overnight accommodation, and no individual is present at the time

of entry, burglary is a felony of the second degree. 18 Pa.C.S.A. § 3502(c)(2); ***Commonwealth v. Graham***, 9 A.3d 196, 203-04 (Pa. 2010) (home entered by defendant while it was under construction was not adapted for overnight accommodation for purposes of burglary statute; running water was available in planned living space solely via attachment of garden hose to spigots in garage or on the exterior, no toilet facilities were present, there were no furnishings available for sleeping, and all working utility services were configured for construction purposes only). Appellant argues that the buildings he entered were not adapted for overnight accommodation, because (1) his testimony during the PCRA hearing establishes that neither building had electricity, running water or toilets; (2) the affidavit of probable cause underlying his arrest for the January 21, 2013 burglary states that a gas range, microwave, and dishwasher remained in their original packing in the garage; and (3) the affidavit of probable cause underlying his arrest for the March 20, 2013 burglary states that items taken from the residence were still in their packaging. According to Appellant, had guilty plea counsel informed him that his offenses were only second-degree felonies, he would have refused to plead guilty to the two counts of first-degree burglary and proceeded to trial.

Appellant's argument fails because he cannot satisfy the third prong of the ineffectiveness test: prejudice. Thus, we need not analyze the first two prongs of this test. ***Smith***, 181 A.3d at 1175.

To demonstrate prejudice, Appellant must show a reasonable probability that, but for counsel's lack of understanding of the degrees of burglary, the petitioner would not have pleaded guilty to first-degree burglary. *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) ("to succeed in showing prejudice, for purposes of claim of ineffective assistance of counsel in connection with guilty plea, defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pled guilty and would have gone to trial").

Appellant argues that he suffered prejudice because if he knew that he should have pled guilty to Second Degree Burglary, he would not have pled guilty and would have demanded a jury trial. The PCRA court rejected this claim because it did not find Appellant's testimony on this subject credible. The record supports the PCRA court's finding. The PCRA court observed:

> [Appellant] testified at the PCRA hearing and responded to the court's questions as follows:
>
> > THE COURT: Mr. Fey . . . at the time you entered the plea in front of me, you were on probation for two burglaries, weren't you? From Allegheny County?
> >
> > [APPELLANT]: Yes.
> >
> > THE COURT: One was an F1 burglary of a place adapted for overnight accommodation and one was a felony two, not adapted for overnight accommodation. Isn't that true?
> >
> > [APPELLANT]: Correct. Yes.
>
> . . . . .

- 7 -

> Although not an attorney, [Appellant] had been charged previously with first-degree felony burglary and second-degree felony burglary so it is difficult to infer that he did not understand the difference.

PCRA Ct. Op., 3/5/18, at 14-15 (quoting N.T., PCRA Hearing, 8/4/17, at 45-46). In addition, the record demonstrates that counsel reviewed the charges with Appellant multiple times. During Appellant's preliminary hearing, counsel informed him that he was charged with entering structures adapted for overnight accommodation. PCRA Ct. Op., at 12-13 (citing N.T., 8/4/17, at 17-18) (defense counsel's testimony)). Appellant did not correct counsel or state that the structures were not adapted for overnight accommodation. *Id.* On April 30, 2014, Appellant executed a form acknowledging that his guilty pleas to burglary were entered "knowingly, voluntarily and intelligently." Guilty Plea Form, 4/30/14. On the same date, Appellant executed a written guilty plea colloquy that explained, "By pleading guilty to any charge, you are admitting that you committed that offense." Guilty Plea Colloquy, 4/30/14, at 1. And in his Guilty Plea Colloquy, Appellant responded affirmatively to a series of questions showing that he was guilty as charged, and that counsel discussed the facts and the law of burglary with him:

> 6. Have you discussed with your attorney the elements of each charged offense? Yes.
>
> 7. Have you discussed with your attorney the factual basis of each charged offense? Yes.
>
> 8. Have you discussed with your attorney how the facts in your case prove the elements of each charged offense? Yes.

. . . . .

47. Have you had ample opportunity to consult with your attorney before entering your plea, and are you satisfied that your attorney knows all of the facts of your case and has had enough time within which to check any questions of fact or law which either you or your attorney may have about the case?  Yes.

. . . . .

52. If you are entering a plea of guilty, you admit that you committed the crime(s) with which you are charged and to which you are pleading guilty.  Do you fully understand this?  Yes.

*Id.* at 2, 7, 8.

As stated above, we are bound by the PCRA court's credibility determinations when they find support in the record.  *Roney*, 79 A.3d at 603. The foregoing evidence supports the PCRA court's finding that Appellant's claim of prejudice was not credible.  We must defer to this finding, and in doing so, we reject Appellant's claim of prejudice.

In his second argument, Appellant claims that PCRA counsel was ineffective in failing to object to the PCRA court's consideration of hearsay evidence from the affidavits of probable cause, *i.e.*, that electricity was present at one home and a garage door was present at another home, both while the court questioned the witnesses during the PCRA hearing and in ruling against Appellant.

We are precluded from reviewing the merits of this issue, as it is now settled that the issue of PCRA counsel ineffectiveness cannot be raised for the first time on appeal, but rather, must be raised in a serial PCRA petition or in

response to a notice of dismissal before the PCRA court. **Commonwealth v. Henkel**, 90 A.3d 16, 29 (Pa. Super. 2014).

Even if we were to address Appellant's second issue, we would be in agreement with the PCRA court that the claim lacks merit, since the Appellant cannot demonstrate prejudice.

> PCRA counsel is alleging his own ineffectiveness because he did not object to the PCRA court considering "hearsay evidence" found in the affidavit of probable cause, specifically, the statements that there was electricity in one home and a garage present at another home. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa. Rule of Evidence 801(c). **See Commonwealth v. Smith**, 586 A.2d 957, 963 (Pa. 1991). Hearsay evidence is presumed to be unreliable because the original declarant is not before the trier of fact and, therefore, cannot be challenged as to the accuracy of the information conveyed. **Commonwealth v. Smith**, 568 A.2d 600, 608 (Pa. 1989). The main concern when it comes to hearsay evidence is that the credibility of the declarant cannot be determined by the trier of fact because the statements in question were made outside of the presence of the trier of fact.
>
> However, PCRA counsel's allegation of his own ineffectiveness for failing to object to the alleged hearsay evidence is misguided. These are not hearsay statements, as the affidavits of probable cause (which were already a part of the record) were not offered to prove the truth of the matter asserted. The statements that there was electricity in one home and a garage door at another home were not offered to prove those statements, but rather to determine whether trial counsel should have conducted further investigation or pursued a different course of action. Thus, there was no reason for PCRA counsel to object to the consideration of these statements . . . Additionally, there is a lack of prejudice. Prejudice means there must be a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. **Commonwealth v. Cox**, 863 A.2d 536, 546 (Pa. 2004). If these statements could be deemed hearsay and had the PCRA court not considered these statements, it would not have altered the outcome of the proceedings. [Appellant]'s PCRA

petition would still have been dismissed because [Appellant] failed to prove that his trial counsel was ineffective.

PCRA Court Opinion, 3/5/18, at 22-23.

Third, and finally, Appellant argues that he is entitled to credit for time served due to his incarceration in an unrelated Allegheny County case from March 21, 2013 until April 16, 2013. Appellant states that he did not receive credit for time served in Allegheny County because the charges in that county were dismissed or withdrawn. In so many words, he claims that the time he served in Allegheny County should be credited against the instant Washington County sentence.

The PCRA court reasoned:

The Pennsylvania Sentencing Code is quite clear in this regard:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. Section 9760(1). Credit shall be given for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense. *Commonwealth ex rel. Bleecher v. Rundle*, 217 A.2d 772, 774 (Pa. 1966). In the two cases at issue, the Pre-Sentence Investigation indicates that [Appellant] was granted a $20,000 unsecured bond. The fact that [Appellant] was ultimately incarcerated in the Allegheny County Jail on unrelated burglaries and could not post bond there does not entitle him to have that jail time credited to his sentences in Washington County.

- 11 -

PCRA Court Opinion, 3/5/18, at 26-27. Once again, we agree with the PCRA court's cogent analysis and hold that Appellant is not entitled to relief.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Dubow files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2019